IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LPP MORTGAGE LTD.**                                                                                      **PLAINTIFF**

V.                                                               CIVIL ACTION NO. 2:14cv39-KS-MTP

**TAZ, INC. f/k/a CHAPMAN SYSTEMS, INC.,
CHARLES BRUCE CHAPMAN, and
VICTOR LYNN CHAPMAN**                                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff LPP Mortgage Ltd.'s Motion for Default Judgment as to Victor Lynn Chapman [10]. Having considered the motion, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

## I. BACKGROUND

On March 19, 2014, LPP Mortgage Ltd. ("LPP") filed suit against TAZ, Inc. f/k/a Chapman Systems, Inc. ("TAZ"), Charles Bruce Chapman, and Victor Lynn Chapman in this Court. (*See* Compl. [1].) Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332. The Complaint indicates that LPP is a Texas limited partnership, that TAZ is an administratively dissolved Mississippi corporation, and that the individual Defendants are adult resident citizens of Mississippi. The Complaint requests damages well in excess of $75,000.

LPP alleges that the Defendants are liable for breach of contract pursuant to the terms of a Note and certain Guaranties. The following facts and circumstances alleged in the Complaint underlie this contention. On or about November 8, 1997, TAZ executed and delivered a Note [1-2] in favor of the U.S. Small Business Administration

("SBA") in the principal sum of $306,600.00 and maturing on November 8, 2027.  Also on or about November 8, 1997, Charles Bruce Chapman ("Chapman") and Victor Lynn Chapman ("Victor") both executed Guaranties [1-3] in favor of the SBA and its successor and assigns in consideration of the SBA's loan to TAZ.  In accordance with their Guaranties, Victor and Chapman unconditionally guaranteed prompt "payment when due, whether by acceleration or otherwise, of the principal and interest and all other sums payable, or stated to be payable, with respect to the Note, together with the reasonable costs and expenses incurred to enforce and collect the same including, without limitation, attorneys' fees and costs."  (Compl. [1] at ¶ 9.)  The Defendants also executed two Deeds of Trust to secure financing from the SBA.  One Deed of Trust [1-4] pledged certain property located at 1104 Broad Street, Columbia, Mississippi, 39429 (the "Broad Street Property") as collateral.  The other Deed of Trust [1-5] pledged certain property located at 703 Park Avenue, Columbia, Mississippi, 39429 (the "Park Avenue Property") as collateral.  In or about August of 2000, the SBA assigned the Deeds of Trust and the Note to LPP.  LPP is the current owner of the Note.

      LPP alleges that the Defendants went into default under the terms and conditions of the Note, Deeds of Trust, and/or Guaranties by failing to make timely payments of principal and interest.  LPP subsequently declared the entire indebtedness immediately due and payable, and initiated foreclosure proceedings on the Broad Street Property and Park Avenue Property (collectively referred to as the "Real Property Collateral") after the Defendants failed to cure the default. LPP asserts that the Park Avenue Property was sold to the highest bidder for $46,852.00 on March 22, 2013, while the Broad Street Property was sold to the highest bidder for $182,000.00 on November 8,

2013.  LPP contends that a deficiency balance remains on the Note despite the foreclosure sales of the Real Property Collateral.

The Complaint seeks a judgment against the Defendants, jointly and severally, for the remaining deficiency owed and "all costs incurred by LPP in connection with the enforcement of the loan documents, including reasonable attorneys' fees."  (Compl. [1] at ¶ 20.)  LPP calculated the total due as of Mach 11, 2014, at $154,157.48.

The docket reflects the following time line of events pertinent to the subject motion:

- (i) On April 14, 2014, Victor Lynn Chapman was served with process.  (*See* Doc. No. [7].)
- (ii) On May 8, 2014, LPP moved for the Clerk's entry of default as to Victor Lynn Chapman.  (*See* Doc. No. [8].)
- (iii) On May 9, 2014, the Clerk's Entry of Default [9] was entered as to Victor Lynn Chapman.
- (vi) On June 11, 2014, LPP filed its Motion for Default Judgment as to Victor Lynn Chapman [10].

LPP now requests a default judgment in the amount of $160,350.35, "representing the principal, interest, attorneys' fees, and legal and collection expenses owed to LPP as of May 27, 2014, plus any applicable pre-judgment interest or post-judgment interest . . . ."  (Mot. for Default J. [10] at p. 3.)  LPP has submitted an affidavit from Tom Martin (a portfolio manager for CLMG Corp., who is LPP's authorized loan servicer) and from James J. McNamara IV (one of its attorneys) in support of the requested default judgment.  (*See* Martin Aff. [10-1]; McNamara Aff. [10-2].)  The

affidavit executed by LPP's legal counsel states, *inter alia*, "that Victor Lynn Chapman is not currently on active military duty." (McNamara Aff. [10-2] at ¶ 12.) Victor has not entered an appearance, answered the Complaint, or responded to the subject motion as of the date of this opinion.

## II.  DISCUSSION

There are three prerequisites to a plaintiff obtaining a default judgment under Federal Rule of Civil Procedure 55. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a defendant must be in default for failing to plead or otherwise answer the complaint within the time prescribed by the Federal Rules. *Id.* Second, the clerk must enter the defendant's default on the record upon receipt of an affidavit establishing the defendant's failure to plead or otherwise defend. *Id.* (citing Fed. R. Civ. P. 55(a)). Third, the plaintiff must request a default judgment pursuant to Rule 55(b). *Id.*

All of the preceding requirements have been met in this case. Thus, the Court now considers whether there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By his default, a defendant admits the well-pleaded allegations of fact appearing in the complaint. *See id.* (citations omitted). Yet, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* A defendant's default also fails to establish conclusively the amount of damages. *See United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Unliquidated damages are usually not awarded in the absence of an evidentiary hearing. *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d

410, 414 (5th Cir. 1998) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).  The district court may dispense with such a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*

The Court determines that LPP is entitled to a default judgment against Victor for breach of contract.  A plaintiff asserting a breach of contract claim has the burden of proving "by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it . . . ." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224–25 (¶ 10) (Miss. 2012) (citation omitted).[1]  The Court's review of the Note, Guaranties, and Deeds of Trust attached to the Complaint leads to the conclusion that these instruments constitute valid and binding contracts.  The Court is also satisfied that the SBA validly assigned the Note and Deeds of Trust to LPP.  By his failure to plead or otherwise defend, Victor has admitted that he failed "to make payments of principal and interest and taxes as and when due" pursuant to the terms of the Note [1-2] and Guaranties [1-3] after TAZ defaulted on its payment obligations.  (Compl. [1] at ¶ 12.)  Therefore, Victor is in breach of his "unconditional[] guarantee[] to Lender, its successor and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note . . . ."  (Guaranties [1-3 at ECF p. 4].)

The Court also finds that there is presently insufficient information before it to award damages in the amount sought by LPP.  "Monetary damages are a remedy for,

---

[1] The Court applies the substantive law of Mississippi in this action since federal jurisdiction is founded on diversity of citizenship.  *See Blakely v. State Farm Mut. Auto. Ins. Co.*, 406 F.3d 747, 751 (5th Cir. 2005) (citations omitted).

not an element of, breach of contract." *Banks*, 90 So.3d at 1225 (¶ 11). A party seeking to obtain monetary damages for a breach of contract must place "into evidence, with 'as much accuracy as' possible, proof of the damages being sought." *Id.* at 1225 (¶ 12) (quoting *Thomas v. Global Boat Builders & Repairmen Inc.*, 482 So. 2d 1112, 1116 (Miss. 1986)); *see also A & F Props., LLC v. Lake Caroline, Inc.*, 775 So. 2d 1276, 1283 (¶ 25) (Miss. Ct. App. 2000) ("[I]t is incumbent upon the party seeking to prove damages to offer into evidence the best evidence available [on] each and every item of damage.") (citation and internal quotation marks omitted).

On October 1, 2012, prior to the foreclosures on the Real Property Collateral, legal counsel for LPP submitted a demand letter to the Defendants advising that the total amount due (including, but not limited to, principal, interest, and appraisals) was **$325,936.61**. (Doc. No. [1-6 at ECF p. 13].) The Real Property Collateral sold at foreclosures in 2013 for a total amount of **$228,852.00**. Subtracting the amount of the foreclosure sales, $228,852.00, from the total amount due in October of 2012, $325,936.61, leaves a deficiency balance of **$97,084.61**. However, the affidavit of Tom Martin submitted by LPP in support of the subject motion states that as of May 27, 2014, the post-foreclosure deficiency remaining due under the Note and Guaranties totaled **$148,943.86** (encompassing $145,749.35 in principal and $3,194.51 in interest). (Martin Aff. [10-1] at ¶ 15.) It is less than clear to the Court what factors account for the difference between the sum of **$97,084.61** and the deficiency balance of **$148,943.86** claimed by LPP in its request for a default judgment. Interest alone could not account for this difference based on the Court's calculations. Thus, the amount sought by LPP

may be "capable of mathematical calculation",[2] but LPP's math has not been sufficiently presented to the Court.  *Cf. CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 402 (D. Maine 2010) (denying without prejudice a motion for default judgment where the movant provided the court with a conclusory affidavit from an employee merely stating an amount owed).  LPP will be allowed to clarify how it calculates its losses by way of a supplemental filing with evidentiary materials or via the presentation of evidence at a hearing on damages in accordance with Federal Rule of Civil Procedure 55(b)(2).

As to LPP's request for legal and collection expenses, attorney's fees are available under Mississippi law where the agreement sued upon contains a provision authorizing their award.  *See, e.g.*, *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 452 (¶ 29) (Miss. 2012); *Harrison v. McMillan*, 828 So. 2d 756, 767 (¶ 37) (Miss. 2002); *A & F Props., LLC*, 775 So. 2d at 1282 (¶ 21).  The underlying contract in this case, the Note, allows the Note Holder to recover "reasonable attorney's fees and costs" incurred in connection with any efforts to obtain satisfaction of the indebtedness under the Note.  (Note [1-2 at ECF pp. 2-3].)  The Court will defer ruling on the propriety and amount of an award of attorney's fees until the specific measure of Victor's indebtedness is established by LPP.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Default Judgment as to Victor Lynn Chapman [10] is granted in part and denied in part.  LPP Mortgage Ltd. is entitled to a default judgment against Defendant Victor Lynn Chapman

---

[2] *Leedo Cabinetry*, 157 F.3d at 414.

for breach of contract. The Court will defer entering the judgment until LPP submits further and more specific information regarding its claimed damages for the breach. LPP may submit the information either through a supplemental filing or at an evidentiary hearing. Available hearing dates can be obtained from the undersigned's chambers. If LPP opts to file a supplemental request for default judgment, it shall serve Defendant Victor Lynn Chapman with a copy of the request in accordance with Federal Rule of Civil Procedure 5(b)(2)(A), (B), or (C).

    SO ORDERED AND ADJUDGED this the 28th day of August, 2014.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE